UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNATHON HAMILTON, | ) | 1:09-cv-01218-AWI-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO |
| v. | ) | DISMISS THE PETITION (Doc. 14) |
| | ) | |
| KELLY HARRINGTON, | ) | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | ORDER GRANTING RESPONDENT'S MOTION TO NAME PROPER RESPONDENT (Doc. 14, p. 1, fn. 1) |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE NAME OF DERRAL G. ADAMS IN PLACE OF KELLY HARRINGTON AS THE PROPER RESPONDENT |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on July 14, 2009.[1] On October 6, 2009, the Court ordered Respondent to file a response. (Doc. 8). On

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the

1

December 3, 2009, Respondent filed the instant motion to dismiss the petition as untimely.  (Doc. 14).  On December 29, 2009, Petitioner filed his opposition to Respondent's motion.  (Doc. 17).

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

As mentioned , Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on the one year limitation period set forth in 28 U.S.C. 2244(d)(1).  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

///

---

AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002).  The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider, where available, the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition), as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  For the instant petition, Petitioner signed his petition but did not date it.  It does not contain a proof of service.  Therefore, the Court will use the actual court filing date of July 14, 2009, for purposes of this motion to dismiss.  (Doc. 1).

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on July 14, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on May 16, 2006 in the Tulare County Superior Court and sentenced to a term of 57 years to life on July 19, 2006. (Doc. 1, p. 1; Lodged Document ("LD") 1). Petitioner then appealed his conviction to the California Court of Appeal, Fifth Appellate District ("5th DCA"), which affirmed his conviction on September 27, 2007. (Doc. 1, p. 2; LD 2). Petitioner filed a Petition for Review with the California Supreme Court that was denied

1  by that court on January 16, 2008.  (LD 3-4).

2       Thus, for purposes of the AEDPA, direct review would have concluded on April 15, 2008,
3  when the ninety day period for seeking review in the United States Supreme Court expired.  Barefoot
4  v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v.
5  Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from the following
6  day, April 16, 2008, or until April 15, 2009, absent applicable tolling, within which to file his federal
7  petition for writ of habeas corpus.   As mentioned, the instant petition was filed on July 14, 2009,
8  some three months after the one-year period had expired.  Thus, unless Petitioner is entitled to
9  statutory or equitable tolling sufficient to account for the delay, the petition is untimely and should
10 be dismissed.

11       C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).

12       Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed
13 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.
14 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
15 governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
16 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
17 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
18 delay in the intervals between a lower court decision and the filing of a petition in a higher court.
19 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
20 by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations
21 omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
22 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
23 (9th Cir. 1999).

24       Nevertheless, there are circumstances and periods of time when no statutory tolling is
25 allowed.  For example, no statutory tolling is allowed for the period of time between finality of an
26 appeal and the filing of an application for post-conviction or other collateral review in state court,
27 because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.
28 Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

a federal petition. Id. at 1007.  In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents now before the Court establish that Petitioner filed the following state habeas petitions: (1) filed in the Superior Court of Tulare County on March 6, 2008, and denied on March 26, 2008  (LD 5; 6);[2]  (2) filed in the 5th DCA on April 11, 2008, and denied on August 7, 2008 (LD 7; 8); and (3) filed in the California Supreme Court on October 1, 2008 and denied on April 29, 2009.  (LD 9; 10.)

Respondent's motion to dismiss is based upon the contention that because the first petition, which was expressly denied by the Superior Court as untimely, is not entitled to statutory tolling, and because the second and third state petitions were denied without comment, thus requiring this Court to assume they were denied for the same reason as the first petition, i.e., timeliness, Petitioner is not entitled to any statutory tolling and thus the petition is untimely by approximately three months. (Doc. 14, pp. 3-5).  The Court agrees.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending."  In Evans v. Chavis, 549 U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. 549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

1 federal court must decide whether the filing of the request for state court appellate review (in state
2 collateral review proceedings) was made within what California would consider a 'reasonable
3 time.'"). However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end
4 of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir.
5 2005)(*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)). See also Carey v. Saffold, 536 U.S.
6 at 226.

7   Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans,
8 this Court must determine first whether the state court denied Petitioner's habeas application(s) as
9 untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was
10 never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2),
11 either for the pendency of the petition itself or for the interval between that petition and the denial of
12 the previous petition. Bonner, 425 F.3d at 1148-1149.

13   In its decision denying the first state petition, the Superior Court of Tulare County indicated
14 that "Petitioner failed to raise the issues raised in his writ in a timely manner." (LD 6, p. 1). The
15 Superior Court went on to note that Petitioner had waited almost two years from the date of his
16 conviction until the filing of his first state petition, despite his awareness of the claims at an early
17 stage of the trial proceedings. (Id., p. 2). The Court went on to say that Petitioner "has raised no
18 reasonable explanation for the delay." (Id.). Moreover, the Court noted that Petitioner had filed his
19 direct appeal in the 5th DCA without raising these issues at that time either. (Id.). In support of its
20 finding that the first petition was untimely, the Superior Court cited In re Clark, 5 Cal. 4th 750, 765,
21 n. 5 (1993), and In re Robbins, 18 Cal. 4th 770, 780 (1998), both of which stand for the proposition
22 that untimely petitions will not be permitted. (LD 6, p. 1).

23   A habeas petition rejected by the state court as untimely is not "properly filed" for purposes
24 of AEDPA tolling. Pace, 544 U.S. at 414-415; Bonner, 425 F.3d at 1149. As mentioned, only
25 "properly filed" state petitions are entitled to AEDPA tolling. 28 U.S.C. § 2244(d)(2). Thus, the
26 first, untimely state petition would not toll the one-year statute of limitation.

27   Respondent raises an additional basis for denying statutory tolling to the first petition, i.e.,
28 that the petition was both filed and denied prior to the commencement of the one-year period. Once

6

more, the Court agrees. A tolling provision has no applicability where the period to be tolled has not commenced. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008)(filing of state petition "would otherwise have tolled the running of the federal limitations period," however "since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing."); Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997), *abrogated on other grounds*, Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999) (state collateral action filed before commencement of limitations period does not toll limitation period), *affirmed*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213. Although it may seem self-evident, a properly filed state petition cannot toll a limitation period that, as is the case here, has not even commenced to run. This is necessarily so because the period of pendency of the state petition, which defines the amount of tolling, and the period of the statute of limitation do not intersect or overlap at any point.

As discussed, the one-year period commenced to run on April 16, 2008. However, at that point, the first petition had already been denied on March 26, 2008. Thus, the first petition could not have had any tolling effect upon a statute of limitation that had not yet commenced to run. Waldrip, 548 F.3d at 735.

Respondent next contends that the second and third petitions, along with the intervals separating them, are not entitled to statutory tolling because the summary denials by the state appellate courts are presumed to be for the same reason as the last reasoned decision by the Superior Court, i.e., untimeliness. Again, the Court agrees.

The "summary denials" by both the 5th DCA and the California Supreme Court require that this Court employ the "look through" doctrine of Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590 (1991). In reviewing a state court's summary denial of a habeas petition, the federal court must "look through" a summary disposition to the last reasoned decision. Pham v. Terhune, 400 F.3d 740, 742 (9th Cir. 2005); Shakleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (citing Ylst).

The last reasoned state decision was the Superior Court's denial of the first petition as untimely. (LD 6). Thus, this Court must presume that, in their summary denials of both the second and third petitions, the 5th DCA and the California Supreme Court based their decision on the same grounds as the Superior Court, i.e., untimeliness. Ylst, 501 U.S. at 803. That being the case,

1  neither the second nor third petitions were "properly filed" so as to entitle Petitioner to statutory
2  tolling because they were denied as being untimely.  Pace, 544 U.S. at 414-415; Bonner, 425 F.3d at
3  1149.  Additionally, because there is no statutory tolling for the interval preceding an untimely state
4  habeas petition, the intervals preceding the second and third petitions are not entitled to interval
5  tolling.  Carey, 536 U.S. at 225-226.
6       In short, Petitioner is not entitled to *any* statutory tolling for either the pendency of his three
7  state petitions or for the intervals separating them.  Accordingly, the one-year period continued to run
8  unabated after it started to run on April 16, 2008 until April 15, 2009, when it expired.  As
9  mentioned, the instant petition was not filed until July 14, 2009, some three months after that date.
10      Petitioner's opposition to the motion to dismiss does not dispute the chronology set forth by
11 Respondent in the motion to dismiss, nor does he dispute that the first petition was denied as
12 untimely or that the second and third petitions were summarily denied.  He nevertheless claims
13 entitlement to statutory tolling for the pendency of the three petitions.  While it is understandable that
14 Petitioner might feel he should be entitled to statutory tolling for his three state petitions, federal law
15 requires a different conclusion.  Thus, unless Petitioner is entitled to equitable tolling, the petition is
16 untimely and should be dismissed.
17      D.  Equitable Tolling
18      The limitation period is subject to equitable tolling when "extraordinary circumstances
19 beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland,
20 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When
21 external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely
22 claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d
23 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of
24 establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some
25 extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.
26 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest
27 the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation
28 omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at

1107.

In his opposition to the motion to dismiss, Petitioner cursorily alleges that he is entitled to equitable tolling. (Doc. 17, pp. 2; 3). However, Petitioner does not articulate any bases, factual or legal, for the application of equitable tolling measures to the instant petition. Moreover, after reviewing the record presently before the Court, the Court finds no circumstances that would justify equitable tolling. Accordingly, the Court finds that the petition is untimely and therefore should be dismissed.[3]

Finally, in the motion to dismiss, Respondent notes that the petition improperly lists the name of Kelly Harrington as Respondent, and requests that the Court substitute the name of Derral G. Adams, the current warden of the facility at which Petitioner is incarcerated, as named Respondent in this case. Petitioner apparently concedes that Mr. Adams is the present warden of his facility. (Doc. 17, p. 2). Accordingly, the Court will grant Respondent's order.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Respondent's motion to substitute the name of Derral G. Adams as Respondent in place of Kelly Harrington (Doc. 14, fn. 1), is GRANTED.
2. The Clerk of the Court is DIRECTED to substitute the name of Derral G. Adams as Respondent in this case in place of Kelly Harrington.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 14), be GRANTED and the petition for writ of habeas corpus (Doc. 1), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with

---

[3] Respondent also contends that Grounds Five and Six of the instant petition were not exhausted in the state court and thus the petition should be dismissed. (Doc. 14, pp. 5-6). In light of the Court's conclusion that the petition is untimely, the Court need not address this additional basis for dismissing the petition.

the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **April 5, 2010**                                                    **/s/ Jennifer L. Thurston**
                                                                                          UNITED STATES MAGISTRATE JUDGE