# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON HAMILTON,<br><br>        Petitioner,<br><br>v.<br><br>DERRAL G. ADAMS,<br><br>        Respondent. | 1:09-cv-01218-AWI-JLT HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL (Doc. 22)<br><br>ORDER DIRECTING CLERK OF THE COURT TO SERVE THIS ORDER ON THE UNITED STATES COURT OF APPEALS, NINTH CIRCUIT |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On July 14, 2009, Petitioner filed his petition for writ of habeas corpus. (Doc. 1). On October 6, 2009, the Court ordered Respondent to file a response. (Doc. 8). On December 3, 2009, Respondent filed a motion to dismiss the petition. (Doc. 14). On April 6, 2010, the Magistrate Judge assigned to the case filed Findings and Recommendation recommending that Respondent's motion to dismiss be granted and that the petition for writ of habeas corpus be dismissed because the petition was untimely. (Doc. 18). This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order. On April 30, 2010, Petitioner filed his objections to

1  the Magistrate Judge's Findings and Recommendations.  (Doc. 19).  On May 13, 2010, the
2  District Judge, after considering Petitioner's objections, adopted the Magistrate Judge's Findings
3  and Recommendations and entered judgment, thus closing the case. (Docs. 20 & 21).  In that
4  order, the District Judge declined to issue a certificate of appealability.  (Doc. 20).  On May 24,
5  2010, Petitioner filed a motion for a sixty-day extension of time to file objections and to file his
6  request for issuance of a certificate of appealability.  (Doc. 22).  On May 28, 2010, the Court
7  denied the motion, because *he had already filed his objections*, and disregarded the request for
8  issuance of a certificate of appealability as moot *because it had been denied already*.  (Doc. 23).

9        On June 29, 2010, Petitioner filed an untimely notice of appeal.  (Doc. 24).  On January
10 20, 2012, the United States Court of Appeals for the Ninth Circuit, issued an order of limited
11 remand, indicating that the Ninth Circuit was construing Petitioner's May 24, 2010 motion for
12 extension of time to file objections and for a certificate of appealability as a motion for an
13 extension of time to file the notice of appeal.  (Doc. 30).  The Court of Appeals has requested
14 that this Court now rule on the May 24, 2010 motion as construed by the Ninth Circuit.

15       A notice of appeal must be filed with the district clerk within thirty days after the
16 judgment or order appealed from is entered.  See Fed. R. App. P. 4(a)(1)(A).  However, the
17 district court may extend time to file a notice of appeal if a party moves no later than thirty days
18 after the time for filing a notice of appeal expires, and the party shows excusable neglect or good
19 cause.  See Fed. R. App. P. 4(a)(5)(A).

20       The Advisory Committee Notes to Rule 4 indicate that the "good cause" standard is only
21 applicable to motions for extensions of time filed within the initial thirty-day period for filing a
22 notice of appeal.  Fed. R. App. P. 4(a)(5), Advisory Committee's Notes to 1979 Amendment;
23 Mendez v. Knowles, 535 F.3d 973, 980, fn. 1.  As mentioned, judgment was entered on May 13,
24 2010, and Petitioner filed his motion for extension of time on May 24, 2010, well within the
25 thirty-day period permitted for filing the notice of appeal.  Because Petitioner filed the motion for
26 extension of time within the first thirty days after judgment, Petitioner is entitled to an extension
27 of time based solely upon good cause and without the need to show excusable neglect.  See id.
28       Here, Petitioner indicates that he needs additional time because of his limited access to

1  the prison law library, because of his lack of knowledge of the law, because the issues in his case
2  are "very complicated to present...for a pro se applicant," and because Petitioner has to rely upon
3  other individuals to assist him in preparing his legal filings.  (Doc. 22, pp. 2-3).  The Court also
4  notes that when Petitioner ultimately filed his notice of appeal and his motion for certificate of
5  appealability with the Court of Appeals on June 29, 2010, the latter was an 81-page document
6  containing voluminous arguments and exhibits.  As such, Petitioner's good faith in seeking
7  judicial review of this Court's decision is not in question.  Rather, it appears that Petitioner may
8  not fully have appreciated the operative priorities, and chose to devote his time to preparing the
9  request for a certificate of appealability rather than to filing an immediate and timely notice of
10 appeal.  Under such circumstances, the Court finds the good cause has been presented to grant
11 Petitioner's motion for an extension of time.

## ORDER

Good cause having been presented, it is HEREBY ORDERED as follows:

1. Petitioner's motion for a sixty-day extension of time to file his notice of appeal, as construed by the Ninth Circuit (Doc. 22), is GRANTED.  Petitioner has until and including July 19, 2010, within which to file his notice of appeal; and,

2. The Clerk of the Court is DIRECTED to send a copy of this order to the United States Court of Appeals, Ninth Circuit.

IT IS SO ORDERED.

Dated:  **January 25, 2012**                            **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE